UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

POUGHKEEPSIE WATERFRONT
DEVELOPMENT, LLC,

                              Plaintiff,

     v.

THE TRAVELERS INDEMNITY COMPANY OF
AMERICA, *et al.*,

                             Defendants.

No. 20-CV-4890 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

      Poughkeepsie Waterfront Development, LLC ("Plaintiff") brings this case as a proposed class action on behalf of itself and all others similarly situated, against the Travelers Indemnity Company of America and the Travelers Companies, Inc. (together, "Defendants") for breach of contract claims and declaratory judgment under the Business Income and Civil Authority provisions of an insurance policy issued by Defendants (the "Policy") for its property located at 176 Rinaldi Boulevard, in Poughkeepsie, New York (the "Property") for losses related to the COVID-19 pandemic and government orders (the "Orders") issued in connection with it. (Compl. (Dkt. No. 1).) Plaintiff submitted a claim for coverage under the Policy, which Defendants denied. (*Id.* ¶¶ 44–45.) Before the Court is Defendants' Motion to Dismiss (the "Motion," Dkt. No. 17). For the reasons articulated in the Court's recent decision in the related case, *WM Bang LLC, et al. v. Travelers Casualty Insurance Company of America*, No. 20-CV-4540, 2021 WL 4150844 (S.D.N.Y. Sept. 13, 2021), the Court grants Defendants' Motion To Dismiss.

First, Plaintiff has failed to state a claim for Business Income, Extra Expense, or Extended Business Income coverage because the Complaint does not plead facts to support an essential requirement to trigger coverage under the Policy: the existence of "direct physical loss of or damage to property at the described premises" which is "caused by or result[ing] from a Covered Cause of Loss." (Def.'s Ex. A (the "Policy") 16–17 (Dkt. No. 18-1.))[1]  Indeed, Plaintiff does not assert a claim for coverage under Defendants' Policy for direct physical loss or damage to the Property.  (*See generally* Compl.; *see also id.* ¶ 42 ("[T]here is no indication that the COVID-19 virus impacted Plaintiff's premises or caused it to incur any virus-related expenses."))[2]  As such, courts in this District and across the country have repeatedly rejected the legal theory now advanced by Plaintiff that "loss of use" constitutes "direct physical loss." (*Id.* ¶ 41.)  *See, e.g.*, *Newman Myers Kreines Gross Harris, P.C. v. Great N. Ins. Co.*, 17 F. Supp. 3d 323, 331 (S.D.N.Y. 2014) (emphasis added); *see also WM Bang LLC*, 2021 WL 4150844, at *3; *Broadway 104, LLC v. XL Ins. Am., Inc.*, No. 20-CV-3813, 2021 WL 2581240, at *4 (S.D.N.Y. June 23, 2021) (finding that because the plaintiff had not alleged a "direct physical loss," it had not plausibly stated a covered loss under the policy); *Off. Sol. Grp., LLC v. Nat'l Fire Ins. Co. of Hartford*, No. 20-CV-4736, 2021 WL 2403088, at *7 (S.D.N.Y. June 11, 2021) (noting the "extensive case law that has developed in New York on this exact issue over the past year, which provides that loss of use caused by the COVID-19 pandemic is not physical damage"); *Deer*

---

[1] The Court cites to the page numbers stamped on the bottom right hand corner of this copy of the Policy, entitled "Travelers Doc Mgmt" for ease of reference.

[2] To the extent that Plaintiff seeks coverage under the Extended Business Income provision, this claim also fails.  Such coverage is not triggered unless "the necessary 'suspension' of [Plaintiff's] 'operations' produces a Business Income loss payable under [the Business Income provision]."  (Policy at 17.)  Plaintiff does not allege a loss under the Business Income provision, and even if Plaintiff had, the Policy's Virus Exclusion and other exclusions would apply.

*Mountain Inn LLC v. Union Ins. Co.*, No. 20-CV-984, 2021 WL 2076218, at *8 (N.D.N.Y. May 24, 2021) ("The [p]olicy's Business Income . . . [p]rovisions use the precise language that courts applying New York law have consistently held unambiguously does not cover mere 'loss of use' that is unconnected to any physical damage, alteration or compromise to the insured property."); *Rye Ridge Corp. v. Cincinnati Ins. Co.*, No. 20-CV-7132, 2021 WL 1600475, at *2 (S.D.N.Y. Apr. 23, 2021) ("The [c]omplaint alleges that COVID-19 caused a 'direct physical loss' of [the] [p]laintiffs' business premises, thus triggering the [p]olicies' Business Income coverage. The [c]omplaint fails to state a claim because, despite this conclusory allegation, the [c]omplaint pleads no facts to suggest that there was a 'physical loss or accidental physical damage' to the insured property as the [p]olicies require."); *Sharde Harvey, DDS, PLLC v. Sentinel Ins. Co., Ltd.*, No. 20-CV-3350, 2021 WL 1034259, at *6 (S.D.N.Y. Mar. 18, 2021) ("Under New York law, it is unambiguous that (1) 'loss of' property does not encompass 'loss of use' of that property; and (2) insurance provisions that cover business interruption 'caused by direct physical loss of or physical damage to property' provide coverage only where the insured's property suffers direct physical damage." (quotation marks omitted)) (report and recommendation); *Food for Thought Caterers Corp. v. Sentinel Ins. Co., Ltd.*, No. 20-CV-3418, 2021 WL 860345, at *4 (S.D.N.Y. Mar. 6, 2021) ("[T]he great majority of courts that have addressed this issue of insurance coverage for business losses sustained as a result of COVID-19 restrictions have held that a complaint which only alleges loss of use of the insured property fails to satisfy the requirement for physical damage or loss."); *DeMoura v. Cont'l Cas. Co.*, No. 20-CV-2912, 2021 WL 848840, at *5 (E.D.N.Y. Mar. 5, 2021) ("New York courts have consistently understood identically worded insurance clauses to exclude business interruption losses from coverage when the losses were not caused by real, tangible damage to or loss of the property."); *Michael Cetta,*

3

*Inc. v. Admiral Indem. Co.*, 506 F. Supp. 3d 168, 175–82 (S.D.N.Y. 2020) (dismissing breach of contract claims for business income coverage because the plaintiff failed to allege that the property was physically lost or damaged but instead centered his claims around the inability to fully use his restaurant which was insufficient as a matter of law), *appeal withdrawn*, No. 21-57, 2021 WL 1408305 (2d Cir. Mar. 23, 2021); *Phila. Parking Auth. v. Fed. Ins. Co.*, 385 F. Supp. 2d 280, 288 (S.D.N.Y. 2005) (explaining that "physical loss or damage" requires that "the interruption in business must be caused by some *physical problem* with the covered property" (emphasis added)). This is plainly incorrect as a matter of law.

Second, the Complaint fails to allege facts that would establish the critical elements for Civil Authority coverage, including that the Orders prohibited access to Plaintiff's Property and that the Orders were issued in response to prior direct physical loss of or damage to property other than the insured premises that was caused by a Covered Cause of Loss. (Policy at 29.) Instead, as the Complaint alleges and the Orders themselves confirm, the Orders were issued to slow the spread of COVID-19, not because of any damage to property surrounding the covered Property. (Compl. ¶¶ 31, 42.) Again, dozens of district courts all over the United States have dismissed COVID-19 claims for Civil Authority coverage on these grounds. *See, e.g., WM Bang LLC*, 2021 WL 4150844, at *5–6.; *Kim-Chee LLC v. Pa. Indem. Ins. Co.*, No. 20-CV-1136, 2021 WL 1600831, at *7 (W.D.N.Y. Apr. 23, 2021) ("Plaintiffs cannot satisfy the requirements for [Civil Authority] coverage. Devastating as the closure has been to [the] [p]laintiffs and thousands of other businesses, [the] [p]laintiffs cannot provide specific, non-general allegations that document a direct physical injury to property (not theirs) that gave rise to the civil authority orders. They do not allege that the executive orders were triggered by 'direct physical loss or damage to other property.' They allege something less: 'The [civil authority] [o]rders prohibited

access to the covered properties as a result of the damage and the ongoing and continuous loss and damage resulting from the [COVID-19] [v]irus.'"); *Food for Thought*, 2021 WL 860345, at *6 (holding that to be entitled to civil authority coverage the order "would need to be a direct result of a Covered Cause of Loss to property in the immediate area of [the insured] premises" and ruling that the plaintiff "has failed to trigger coverage under the [p]olicy's Civil Authority provision," including because "the [a]mended [c]omplaint fails to allege that the civil authority orders prohibiting access to the plaintiff's property were caused by risks of direct physical loss to property in the surrounding area" (quotation marks omitted)); *Michael Cetta*, 506 F. Supp. 3d at 183 (denying civil authority coverage where the plaintiff failed to allege any specific damage to any neighboring properties).

Third and finally, even if Plaintiff could establish "direct physical loss of or damage to property," which Plaintiff has not done, the alleged loss was not caused by or resulted from a Covered Cause of Loss, as required by the Policy. In fact, the Policy contains an explicit exclusion of property coverage for "loss or damage caused by or resulting from any virus . . . that induces or is capable of inducing physical distress, illness or disease." (Policy at 126.) Based on this identical Virus Exclusion, this Court and others have concluded that coverage on the Policy was precluded. *See, e.g., WM Bang LLC*, 2021 WL 4150844, at *6.; *100 Orchard St., LLC v. Travelers Indem. Ins. Co. of Am.*, No. 20-CV-8452, 2021 WL 2333244, at *2 (S.D.N.Y. June 8, 2021) ("[T]he Policy contains a Virus Exclusion Clause that independently and unambiguously bars coverage of [the plaintiff's] business losses at issue. . . . It follows that [the plaintiff's] business losses were plainly 'caused by,' or at least 'result[ed] from,' a 'virus' that 'is capable of inducing physical distress, illness or disease,' . . . and are unambiguously excluded from coverage under the [p]olicy."); *Toppers Salon & Health Spa, Inc. v. Travelers Prop. Cas. Co. of*

5

*Am.*, 503 F. Supp. 3d 251, 255–56 (E.D. Pa. 2020) (finding that the Virus Exclusion applies and thus forecloses coverage under the policy); *Mark's Engine Co. No. 28 Rest., LLC v. Travelers Indem. Co. of Conn.*, 492 F. Supp. 3d 1051, 1057 (C.D. Cal. 2020) (granting motion to dismiss finding that the Virus Exclusion "applies here and precludes all coverage" where the restaurant alleged business income losses based on governmental restrictions on restaurant operations during the COVID-19 pandemic); *see also Natty Greene's Brewing Co. v. Travelers Cas. Ins. Co. of Am.*, 503 F. Supp. 3d 359, 363–64 (M.D.N.C. 2020) (granting motion to dismiss based on the same Virus Exclusion); *Real Hosp. LLC v. Travelers Cas. Ins. Co. of Am.*, 499 F. Supp. 3d 288, 297 (S.D. Miss. 2020) (same); *Travelers Cas. Ins. Co. of Am. v. Geragos & Geragos*, 495 F. Supp. 3d 848, 852–53 (C.D. Cal. 2020) (same). Further, based on other identical or similar virus exclusions, courts nationwide have granted motions to dismiss in cases seeking coverage for similar COVID-19 related property insurance claims.³ *See Cali Fresh, LLC v. Twin City Fire Ins. Co.*, No. 20-CV-522, 2021 WL 3620074, at *8 (M.D.N.C. Aug. 16, 2021) (finding that the virus exclusion bars plaintiff's breach of contract claim where it "expressly states that viruses are not a covered cause of loss" ); *Downs Ford, Inc. v. Zurich Am. Ins. Co.*, No. 20-CV-08595, 2021 WL 1138141, at *4–6 (D.N.J. Mar. 25, 2021) (finding that because the executive orders were issued as a direct result of COVID-19 that the cause of loss fell squarely within the policy's virus exclusion and thus could not trigger civil authority coverage); *AFM Mattress Co. v. Motorists Com. Mut. Ins. Co.*, 503 F. Supp. 3d 602, 607 (N.D. Ill. 2020) (granting motion to dismiss

---

³ Moreover, Plaintiff urges the Court to find that the Acts or Decisions and Ordinance or Law Exclusions do not apply. (Policy at 36, 40; Pls.' Opp. to Def.'s Mot. To Dismiss at 23–24 (Dkt. No. 19).) But the Court finds it unnecessary to analyze such Exclusions because as a threshold matter, Plaintiff has not alleged direct physical loss of or damage to property caused by or resulting from a Covered Cause of Loss. Such a failure dooms Plaintiff's claims.

because under the policy, "damage from a virus was not a covered cause of loss" and it "explicitly excluded coverage for virus-related loss").

Because the Complaint does not plead facts sufficient to support Plaintiff's entitlement to coverage under the Policy, the breach of contract claim fails as a matter of law, and Plaintiff is not entitled to declaratory relief.

For the foregoing reasons, Defendant's Motion is granted and the Complaint is dismissed with prejudice.[4,5] The Clerk of Court is respectfully directed to terminate the pending Motion and close the case. (Dkt. No. 17.)

SO ORDERED.

Dated:  September 24, 2021
        White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[4] Additionally, to the extent that Plaintiff seeks to represent a proposed class, those allegations cannot survive where Plaintiff's individual claims have failed to state a claim, as they have failed to do so here. (Compl. ¶¶ 62–74.) *See, e.g.*, *Michael Cetta*, 506 F. Supp. 3d at 185 ("To the extent that [the plaintiff] sought class certification . . . the [c]ourt does not reach this [issue] because the [c]ourt . . . grants the motion to dismiss as to all claims that [the plaintiff] brought.") Thus, the Court will not consider allegations related to the proposed class.

[5] The Court dismisses Plaintiff's Complaint without leave to amend because such amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (explaining that a district court may deny leave to amend when amendment would be futile because the problems with a plaintiff's claims are "substantive," and "better pleading will not cure" them).